El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.

---

Genaro Barreras, demandante y apelante, *v.* María Ríos
Viuda de Rubio, demandada y apelada.

No. 4006.—*Visto:* Diciembre 9, 1926. *Resuelto:* Diciembre 23, 1926.

Apelación y Error—Revisión—Cuestiones de Hecho, Veredictos y Conclusiones—Conclusiones Sobre Prueba Contradictoria.—Cuando la prueba es contradictoria y la corte inferior decide el conflicto, no se irá contra tal apreciación a menos que se demuestre un manifiesto error o pasión, prejuicio o parcialidad por parte del juez sentenciador.

Sentencia de *Charles E. Foote,* J. (San Juan, Primer Distrito), declarando sin lugar la demanda, con costas. *Confirmada.*

*Eugenio Font,* abogado del demandante; *Arturo O'Neill,* abogado de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

El demandante, médico-cirujano, estableció este pleito para recobrar de la demandada la suma de $500 por servicios profesionales que prestó a su nieto Gilberto Gill, quien había sufrido la fractura de la pierna izquierda en el tercio medio del muslo (femur).

Alegó en la demanda que fué requerido por la demandada para que asistiera al niño Gilberto, haciéndose ella responsable del pago de los servicios.

La demandada negó este hecho esencial de la demanda y la corte inferior, después de oída la evidencia declaró sin lugar la demanda.

La corte inferior, en la opinión emitida, en parte, dice:

"Hemos estudiado detenidamente las alegaciones y pruebas presentadas. La prueba testifical es tan contradictoria, que hubiera sido difícil determinar con ella la verdad de los hechos. Pero fué presentada en evidencia una carta escrita por el propio demandante a la madre del niño enfermo, y en la que le dice lo que sigue:

"'Oct. 21—22. Sra. Marina Rubio.—San Juan Moderno, Santurce, P. R., Estimada Sra.—Esta mañana recibí su carta y empiezo

por manifestarle que envié la cuenta por la asistencia de su hijo a su mamá, porque fuí informado que su mamá era la que pagaba los gastos y esto me fué confirmado por el hecho que su señora madre fué quien pagó las radiografías que se tomaron en dicho caso. . . . . Fdo. Genaro Barreras.'

''Esta admisión del propio demandante no fué satisfactoriamente explicada ante la Corte. Ella claramente destruye toda la prueba aportada por él en cuanto a la forma en que se obligó la demandada.''

Hemos estudiado cuidadosamente la prueba y ella sostiene las conclusiones a que llegó el juez inferior. La jurisprudencia de esta Corte Suprema es repetida y uniforme en sentido de que cuando la prueba es contradictoria y la corte inferior decide el conflicto, no nos es dado ir contra tal apreciación a menos que se demuestre un **manifiesto** error o pasión, prejuicio o parcialidad, por parte del juez sentenciador.

El apelante insiste, sin embargo, en que hubo error en la apreciación de la carta que sirvió de base al juez inferior para decidir el conflicto de evidencia. Y sostiene que el demandante al redactar dicha carta dirigida a la **madre** del niño lesionado, cometió un lapsus en el párrafo que dice ''porque fuí informado que su mamá era la que pagaba los gastos,'' debiendo decir: ''porque fuí informado *por* su mamá, etc.,'' confundiendo el relativo ''que'' con la preposición ''por,'' queriendo significar, por tanto, que de este modo quiso decir que la demandada fué la que le dijo personalmente su obligación o responsabilidad de pagar los servicios médicos. La explicación del demandante en tal sentido en su testimonio es demasiado frívola para que pueda ser seriamente considerada. Bastaba el conocimiento general que se puede tener del valor gramatical de uno y otro vocablo para que se advierta la imposibilidad de confundirlos, y especialmente dado el sentido general de los demás términos del documento. Si el demandante quiso decir que habló personalmente con la demandada y que ésta

aceptó la obligación de pagar, no se podía entender tampoco que en la carta se usara de la palabra "informado." Este hubiera sido otro lapsus, demostrando todo ello que la carta debe entenderse en el sentido literal de sus palabras, o sea, que no era cierto según la misma que la demandada había dicho al demandante haberse hecho responsable del pago de sus honorarios.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.